(Slip Opinion) OCTOBER TERM, 2014 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## DART CHEROKEE BASIN OPERATING CO., LLC, ET AL. *v.* OWENS

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

No. 13–719.  Argued October 7, 2014—Decided December 15, 2014

A defendant seeking to remove a case from state to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal."  28 U. S. C. §1446(a).

Respondent Owens filed a putative class action in Kansas state court, seeking compensation for damages class members allegedly sustained when petitioners (collectively, Dart) underpaid royalties due under certain oil and gas leases.  Dart removed the case to the Federal District Court, invoking the Class Action Fairness Act of 2005 (CAFA), which gives federal courts jurisdiction over class actions if the amount in controversy exceeds $5 million, 28 U. S. C. §1332(d)(2).  Dart's notice of removal alleged that the purported underpayments totaled over $8.2 million.  Owens moved to remand the case to state court, asserting that the removal notice was "deficient as a matter of law" because it included "no evidence" proving that the amount in controversy exceeded $5 million.  In response, Dart submitted an executive's detailed declaration supporting an amount in controversy in excess of $11 million.  The District Court granted Owens' remand motion, reading Tenth Circuit precedent to require proof of the amount in controversy in the notice of removal itself.  Dart petitioned the Tenth Circuit for permission to appeal, see §1453(c)(1), but that court denied review and rehearing en banc.

*Held*:

1. As specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions.

Section 1446(a) tracks the general pleading requirement stated in

Rule 8(a) of the Federal Rules of Civil Procedure.  By borrowing Rule 8(a)'s "short and plain statement" standard, corroborative history indicates, Congress intended to clarify that courts should "apply the same liberal rules [to removal allegations as] to other matters of pleading."  H. R. Rep. No. 100–889, p. 71.  The amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith.  See, *e.g.*, *Mt. Healthy City Bd. of Ed.* v. *Doyle*, 429 U. S. 274, 276.  Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court.  In the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied, see §1446(c)(2)(B).

In remanding the case to state court, the District Court relied, in part, on a purported "presumption" against removal, but no antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court.  See *Standard Fire Ins. Co.* v. *Knowles*, 568 U. S. ___, ___. Pp. 4–7.

2. The District Court erred in remanding this case for want of an evidentiary submission in the notice of removal, and the Tenth Circuit abused its discretion in denying review of that decision.  Pp. 7–14.

(a) This Court concludes that no jurisdictional barrier impedes settlement of the question presented: whether evidence supporting the amount in controversy must be included in a notice of removal. The case was "in" the Tenth Circuit because of Dart's application for leave to appeal, and the Court has jurisdiction to review what the Court of Appeals did with that application.  See 28 U. S. C. §1254; *Hohn* v. *United States*, 524 U. S. 236, 248.  Pp. 7–8.

(b) While appellate review of a remand order is discretionary, exercise of that discretion is not rudderless, see *Highmark Inc.* v. *Allcare Health Management System, Inc.*, 572 U. S. ___, ___, and a court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law," *Cooter & Gell* v. *Hartmarx Corp.*, 496 U. S. 384, 405.  The Tenth Circuit had previously stated considerations bearing on the intelligent exercise of discretion under §1453(c)(1). One of those considerations is particularly relevant here: a court of appeals should inquire whether, if a district court's remand order remains undisturbed, the case will "leave the ambit of the federal courts for good, precluding any other opportunity for [the defendant] to vindicate its claimed legal entitlement [under CAFA] . . . to have a federal tribunal adjudicate the merits."  *BP America, Inc.* v. *Oklaho-*

Syllabus

*ma ex rel. Edmondson*, 613 F. 3d 1029, 1035. Thus the Tenth Circuit's own guide weighed heavily in favor of accepting Dart's appeal. In practical effect, the Court of Appeals' denial of review established the law—the requirement of proof of the amount in controversy in the removal notice—not simply for this case, but for future CAFA removals sought by defendants in the Tenth Circuit, leaving those defendants with no realistic opportunity to resist making the evidentiary submission.

The District Court, driven by its conscientious endeavor to follow Circuit precedent, erred in ruling that Dart's amount-in-controversy allegation failed for want of proof. It was an abuse of discretion for the Tenth Circuit to deny Dart's request for review, for that disposition fastened on district courts within the Circuit an erroneous view of the law. Contrary to the law the District Court derived from Tenth Circuit precedent, a removal notice need only plausibly allege, not detail proof of, the amount in controversy. Pp. 8–14.

Vacated and remanded.

GINSBURG, J., delivered the opinion of the Court, in which ROBERTS, C. J., and BREYER, ALITO, and SOTOMAYOR, JJ., joined. SCALIA, J., filed a dissenting opinion, in which KENNEDY and KAGAN, JJ., joined, and in which THOMAS, J., joined as to all but the final sentence. THOMAS, J., filed a dissenting opinion.

1

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 13–719

## DART CHEROKEE BASIN OPERATING COMPANY, LLC, ET AL., PETITIONERS *v.* BRANDON W. OWENS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

[December 15, 2014]

JUSTICE GINSBURG delivered the opinion of the Court.

To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U. S. C. §1446(a). When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." §1332(a). In class actions for which the requirement of diversity of citizenship is relaxed, §1332(d)(2)(A)–(C), "the matter in controversy [must] excee[d] the sum or value of $5,000,000," §1332(d)(2). If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is "deemed to be the amount in controversy." §1446(c)(2). When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. §1446(c)(2)(A).

To assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite

amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation? That is the single question argued here and below by the parties and the issue on which we granted review. The answer, we hold, is supplied by the removal statute itself. A statement "short and plain" need not contain evidentiary submissions.

## I

Brandon W. Owens, plaintiff below and respondent here, filed a putative class action in Kansas state court alleging that defendants Dart Cherokee Basin Operating Company, LLC, and Cherokee Basin Pipeline, LLC (collectively, Dart), underpaid royalties owed to putative class members under certain oil and gas leases. The complaint sought "a fair and reasonable amount" to compensate putative class members for "damages" they sustained due to the alleged underpayments. App. to Pet. for Cert. 34a, 35a.

Invoking federal jurisdiction under the Class Action Fairness Act of 2005 (CAFA), Dart removed the case to the U. S. District Court for the District of Kansas. CAFA gives federal courts jurisdiction over certain class actions, defined in §1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. §1332(d)(2), (5)(B); see *Standard Fire Ins. Co.* v. *Knowles*, 568 U. S. ___, ___ (2013) (slip op., at 3). Dart's notice of removal alleged that all three requirements were satisfied. With respect to the amount in controversy, Dart stated that the purported underpayments to putative class members totaled more than $8.2 million.

Owens moved to remand the case to state court. The notice of removal was "deficient as a matter of law," Owens asserted, because it included "no evidence" proving that the amount in controversy exceeded $5 million. App.

to Pet. for Cert. 46a, 53a.  In response, Dart submitted a declaration by one of its executive officers.  The declaration included a detailed damages calculation indicating that the amount in controversy, *sans* interest, exceeded $11 million.  Without challenging Dart's calculation, Owens urged that Dart's amount-in-controversy submission came too late.  "[The] legally deficient [notice of removal]," Owens maintained, could not be cured by "post-removal evidence about the amount in controversy."  *Id.,* at 100a.

Reading Tenth Circuit precedent to require proof of the amount in controversy in the notice of removal itself, the District Court granted Owens' remand motion.  Dart's declaration, the District Court held, could not serve to keep the case in federal court.  The Tenth Circuit, as the District Court read Circuit precedent, "has consistently held that reference to factual allegations or evidence outside of the petition and notice of removal is not permitted to determine the amount in controversy."  App. to Pet. for Cert. 26a, and n. 37 (citing *Laughlin* v. *Kmart Corp.*, 50 F. 3d 871, 873 (1995); *Martin* v. *Franklin Capital Corp.*, 251 F. 3d 1284, 1291, n. 4 (2001); *Oklahoma Farm Bureau Mut. Ins. Co.* v. *JSSJ Corp.*, 149 Fed. Appx. 775 (2005)).

Ordinarily, remand orders "[are] not reviewable on appeal or otherwise."  §1447(d).  There is an exception, however, for cases invoking CAFA.  §1453(c)(1).  In such cases, "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand."  *Ibid.*  Citing this exception, Dart petitioned the Tenth Circuit for permission to appeal.  "Upon careful consideration of the parties' submissions, as well as the applicable law," the Tenth Circuit panel, dividing two-to-one, denied review.  App. to Pet. for Cert. 13a–14a.

An evenly divided court denied Dart's petition for en banc review.  Dissenting from the denial of rehearing en banc, Judge Hartz observed that the Tenth Circuit "[had] let stand a district-court decision that will in effect impose

in this circuit requirements for notices of removal that are even more onerous than the code pleading requirements that . . . federal courts abandoned long ago." 730 F. 3d 1234 (2013). The Tenth Circuit was duty-bound to grant Dart's petition for rehearing en banc, Judge Hartz urged, because the opportunity "to correct the law in our circuit" likely would not arise again. *Id.,* at 1235. Henceforth, Judge Hartz explained, "any diligent attorney . . . would submit to the evidentiary burden rather than take a chance on remand to state court." *Ibid.*

Dart filed a petition for certiorari in this Court requesting resolution of the following question: "Whether a defendant seeking removal to federal court is required to include evidence supporting federal jurisdiction in the notice of removal, or is alleging the required 'short and plain statement of the grounds for removal' enough?" Pet. for Cert. i. Owens' brief in opposition raised no impediment to this Court's review. (Nor, later, did Owens' merits brief suggest any barrier to our consideration of Dart's petition.) We granted certiorari to resolve a division among the Circuits on the question presented. 572 U. S. ___ (2014). Compare *Ellenburg* v. *Spartan Motors Chassis, Inc.*, 519 F. 3d 192, 200 (CA4 2008) (a removing party's notice of removal need not "meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint"), and *Spivey* v. *Vertrue, Inc.*, 528 F. 3d 982, 986 (CA7 2008) (similar), with *Laughlin*, 50 F. 3d, at 873 ("the requisite amount in controversy . . . must be affirmatively established on the face of either the petition or the removal notice").

## II

As noted above, a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." §1446(a). By design, §1446(a)

tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. See 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure §3733, pp. 639–641 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'—terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)."). The legislative history of §1446(a) is corroborative. Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." H. R. Rep. No. 100–889, p. 71 (1988). See also *ibid.* (disapproving decisions requiring "detailed pleading").

When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. See, *e.g.*, *Mt. Healthy City Bd. of Ed.* v. *Doyle*, 429 U. S. 274, 276 (1977) ("'[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.'") (quoting *St. Paul Mercury Indemnity Co.* v. *Red Cab Co.*, 303 U. S. 283, 288 (1938); alteration in original). Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. Indeed, the Tenth Circuit, although not disturbing prior decisions demanding proof together with the removal notice, recognized that it was anomalous to treat commencing plaintiffs and removing defendants differently with regard to the amount in controversy. See *McPhail* v. *Deere & Co.*, 529 F. 3d 947, 953 (2008) (requiring proof by defendant but not by plaintiff "bears no evident logical relationship either to the purpose of diversity jurisdiction, or to the principle that those who seek to invoke federal jurisdiction must

establish its prerequisites").

If the plaintiff contests the defendant's allegation, §1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.[1] This provision, added to §1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. As the House Judiciary Committee Report on the JVCA observed:

> "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H. R. Rep. No. 112–10, p. 16 (2011).

---

[1] Section 1446(c)(2) applies to removals "sought on the basis of the jurisdiction conferred by *section 1332(a)*," and §1446(c)(2)(B) provides that "removal of the action is proper . . . [if] the amount in controversy exceeds the [in excess of $75,000] amount specified in *section 1332(a)*" (emphasis added). We assume, without deciding, a point the parties do not dispute: Sections 1446(c)(2) and 1446(c)(2)(B) apply to cases removed under §1332(d)(2), and removal is proper if the amount in controversy exceeds $5 million, the amount specified in §1332(d)(2). See *Frederick* v. *Hartford Underwriters Ins. Co.*, 683 F. 3d 1242, 1247 (CA10 2012) ("[T]here is no logical reason why we should demand more from a CAFA defendant than other parties invoking federal jurisdiction." (internal quotation marks omitted)).

Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations. Brief for Dart 14.

In remanding the case to state court, the District Court relied, in part, on a purported "presumption" against removal. App. to Pet. for Cert. 28a. See, *e.g.*, *Laughlin*, 50 F. 3d, at 873 ("[T]here is a presumption against removal jurisdiction."). We need not here decide whether such a presumption is proper in mine-run diversity cases. It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court. See *Standard Fire Ins. Co.*, 568 U. S., at ___ (slip op., at 6) ("CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" (quoting §2(b)(2), 119 Stat. 5)); S. Rep. No. 109–14, p. 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

In sum, as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

## III

As in *Standard Fire Ins. Co.*, 568 U. S., at ___–___ (slip op., at 2–3), we granted review in this case after the Court of Appeals declined to hear an appeal from a remand order. Neither party in that case or in this one questioned our review authority under 28 U. S. C. §1254(1) ("Cases in the courts of appeals may be reviewed . . . [b]y writ of certiorari upon the petition of any party . . . before or after

rendition of judgment.").[2]  An *amicus* brief filed in support of Owens by Public Citizen, Inc., however, raised a jurisdictional impediment.

Section 1453(c)(1), Public Citizen noted, provides that "a court of appeals *may accept* an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed[.]"  (Emphasis added.)  Because court of appeals review of a remand order is discretionary, see *supra,* at 3, and the Tenth Circuit exercised its discretion to deny review, Public Citizen urged, "[b]oth parties ask this Court to decide an issue that is not properly before it."  Brief for Public Citizen 6.  "Absent grounds for reversing the court of appeals' decision to deny permission to appeal," Public Citizen asserted, "the merits of the district court's decision are not before any appellate court, including this one." *Ibid.*

Satisfied that there are indeed "grounds for reversing the [Tenth Circuit's] decision to deny permission to appeal," we find no jurisdictional barrier to our settlement of the question presented.  The case was "in" the Court of Appeals because of Dart's leave-to-appeal application, and we have jurisdiction to review what the Court of Appeals did with that application.  See 28 U. S. C. §1254; *Hohn* v. *United States*, 524 U. S. 236, 248 (1998).  Owens, we reiterate, did not contest the scope of our review.

Discretion to review a remand order is not rudderless. See *Highmark Inc.* v. *Allcare Health Management System, Inc.*, 572 U. S. ___, ___ (2014) (slip op., at 4) ("matters of discretion are reviewable for abuse of discretion" (internal quotation marks omitted)).  A court "would necessarily abuse its discretion if it based its ruling on an erroneous

_____

[2] Today's dissenters joined the opinion in *Standard Fire Ins. Co.* v. *Knowles*, 568 U. S. ___ (2013), without suggesting any lack of jurisdiction to reach the merits.

view of the law." *Cooter & Gell* v. *Hartmarx Corp.*, 496 U. S. 384, 405 (1990). This case fits that bill.[3]

There are many signals that the Tenth Circuit relied on the legally erroneous premise that the District Court's decision was correct. In an earlier case, the Tenth Circuit, following the First Circuit's lead, stated considerations that it regards as relevant to the intelligent exercise of discretion under §1453(c)(1). *BP America, Inc.* v. *Oklahoma ex rel. Edmondson*, 613 F. 3d 1029, 1034–1035 (2010) (adopting factors set out in *College of Dental Surgeons of Puerto Rico* v. *Connecticut Gen. Life Ins. Co.*, 585 F. 3d 33, 38–39 (CA1 2009)).[4] When the CAFA-related question presented in an appeal from a remand order is "important, unsettled, and recurrent," the First Circuit instructed, a court of appeals should inquire: "Absent an interlocutory appeal, [will the question] in all probability escape meaningful appellate review." *Id.*, at 39. Or, as phrased by the Tenth Circuit, if a district court's remand order remains undisturbed, will the case "leave the ambit of the federal courts for good, precluding any other opportunity for [the defendant] to vindicate its claimed legal entitlement [under CAFA] . . . to have a federal tribunal adjudicate the merits." *BP America*, 613 F. 3d, at 1035. See also *Coffey* v. *Freeport McMoran Copper & Gold*, 581 F. 3d 1240, 1247 (CA10 2009) (noting that "the purpose of §1453(c)(1) is to develop a body of appellate law interpreting CAFA" (brackets and internal quotation marks omitted)). Thus,

---

[3] JUSTICE SCALIA's dissent (hereafter dissent) faults Dart for asserting, late in the day, that the Tenth Circuit abused its discretion, observing that Dart did so only in its reply brief. *Post,* at 6. But Public Citizen teed up that issue *after* the parties filed their merits briefs. In view of this Court's decision in *Standard Fire Ins. Co.*, 568 U. S. \_\_\_, see *supra,* at 7–8, the parties had no cause to address the matter earlier.

[4] Neither court stated the listed considerations as an inflexible test. We have no occasion in this case to review each of the factors identified by the First and Tenth Circuits.

the Tenth Circuit's own guide weighed heavily in favor of accepting Dart's appeal. That the Court of Appeals, instead, rejected Dart's appeal strongly suggests that the panel thought the District Court got it right in requiring proof of the amount in controversy in the removal notice.

In practical effect, the Court of Appeals' denial of review established the law not simply for this case, but for future CAFA removals sought by defendants in the Tenth Circuit. The likelihood is slim that a later case will arise in which the Tenth Circuit will face a plea to retract the rule that both Owens and the District Court ascribed to decisions of the Court of Appeals: Defendants seeking to remove under CAFA must be sent back to state court unless they submit with the notice of removal evidence proving the alleged amount in controversy. See *supra,* at 3. On this point, Judge Hartz's observation, dissenting from the Tenth Circuit's denial of rehearing en banc, see *supra,* at 4, bears recounting in full:

> "After today's decision any diligent attorney (and one can assume that an attorney representing a defendant in a case involving at least $5 million—the threshold for removal under CAFA—would have substantial incentive to be diligent) would submit to the evidentiary burden rather than take a chance on remand to state court." 730 F. 3d, at 1235.

With no responsible attorney likely to renew the fray, Judge Hartz anticipated, "the issue will not arise again." *Ibid.* Consequently, the law applied by the District Court—demanding that the notice of removal contain evidence documenting the amount in controversy—will be frozen in place for all venues within the Tenth Circuit.[5]

_____

[5] The dissent suggests that the Tenth Circuit may have another opportunity to set Circuit precedent straight: A lawyer may be irresponsible or fail to learn from Dart's experience; or perhaps a lawyer will put in evidence the district court deems insufficient, and then have a go at

Recall that the Court of Appeals denied Dart's petition for review "[u]pon careful consideration of the parties' submissions, as well as the applicable law." App. to Pet. for Cert. 13a. What did the parties submit to the Tenth Circuit? Their presentations urged conflicting views on whether a removing defendant must tender prima facie proof of the amount in controversy as part of the removal notice. And what was "the applicable law" other than the rule recited by the Tenth Circuit in *Laughlin* and follow-on decisions, *i.e.*, to remove successfully, a defendant must present with the notice of removal evidence proving the amount in controversy.[6]

From all signals one can discern then, the Tenth Circuit's denial of Dart's request for review of the remand order was infected by legal error. The District Court erred in ruling that Dart's amount-in-controversy allegation failed for want of proof, but that error was driven by the District Court's conscientious endeavor to follow Circuit

———————

arguing that the evidence was sufficient and, in any event, "no evidence is required at all." *Post,* at 5–6. That such a case will occur, and that the Tenth Circuit would then seize the very opportunity it passed up in Dart's case, is hardly probable.

[6] The dissent posits that "the applicable law" might have been something other than the law governing the parties' submissions. *Post*, at 3, 4. That is a strained reading of the Tenth Circuit's expression. Perhaps the Tenth Circuit found this case a "poor vehicle," the dissent suggests, *post,* at 2, but no potential vehicle concerns were urged by Owens, and the dissent identifies none. Or the Tenth Circuit might have doubted its "ability to quickly resolve the issue" within the 60-day time limit provided in §1453(c)(2)–(3). *Ibid.*; see also *post*, at 4. Section 1453(c)'s timing provision, however, was designed to promote expedition, not to discourage Courts of Appeals from acting on petitions for appeal. As a third "maybe," the dissent observes that proof of the amount in controversy in removal notices is not "a question unique to [CAFA]." *Post,* at 3. True, the Tenth Circuit demands such proof in ordinary diversity cases. See *Laughlin* v. *Kmart Corp.*, 50 F. 3d 871, 873 (1995). But that does not make the imposition one whit less in CAFA cases.

precedent. The parties trained their arguments in the Tenth Circuit, as they did here, on the question whether Dart could successfully remove without detailing in the removal notice evidence of the amount in controversy. See Tr. of Oral Arg. 47 (acknowledgment by Owens' counsel that "the issues . . . provided to . . . the Tenth Circuit were very similar to what you see in this Court, with the exception of [the question raised by Public Citizen] whether this Court has jurisdiction"). Dissenting from the denial of rehearing en banc, Judge Hartz explained at length why the Tenth Circuit "owe[d] a duty to the bench and bar" to correct the District Court's misperception and to state as the Circuit's law: "[A] defendant seeking removal under CAFA need only allege the jurisdictional amount in its notice of removal and must prove that amount only if the plaintiff challenges the allegation." 730 F. 3d, at 1234, 1238. In this regard, we note, the Tenth Circuit has cautioned against casual rulings on applications like Dart's. "The decision whether to grant leave to appeal" under §1453(c), the Tenth Circuit stressed, calls for the exercise of the reviewing court's correctly "*informed* discretion." *BP America*, 613 F. 3d, at 1035 (emphasis added); see *supra,* at 8–9.

Recall, moreover, that Owens never suggested in his written submissions to this Court that anything other than the question presented accounts for the Court of Appeals' disposition. If Owens believed that the Tenth Circuit's denial of leave to appeal rested on some other ground, he might have said so in his brief in opposition or, at least, in his merits brief. See this Court's Rule 15.2; *Granite Rock Co.* v. *Teamsters*, 561 U. S. 287, 306 (2010). He said nothing of that order, for he, like Dart, anticipated that the question presented was ripe for this Court's resolution.

In the above-described circumstances, we find it an abuse of discretion for the Tenth Circuit to deny Dart's

request for review.  Doing so froze the governing rule in
the Circuit for this case and future CAFA removal notices,
with no opportunity for defendants in Dart's position
responsibly to resist making the evidentiary submission.
That situation would be bizarre for a decisionmaker who
did not think that the amount in controversy in diversity
cases is a matter a removal notice must demonstrate by
evidence, not merely credibly allege.[7]  And if the Circuit
precedent on which the District Court relied misstated the
law, as we hold it did, then the District Court's order
remanding this case to the state court is fatally infected by
legal error.

 Careful inspection thus reveals that the two issues
Public Citizen invites us to separate—whether the Tenth
Circuit abused its discretion in denying review, and
whether the District Court's remand order was errone-
ous—do not pose genuinely discrete questions.  Instead,
resolution of both issues depends on the answer to the
very same question: What must the removal notice con-
tain?  If the notice need not contain evidence, the Tenth
Circuit abused its discretion in effectively making the
opposing view the law of the Circuit.  By the same token,
the District Court erred in remanding the case for want of
an evidentiary submission in the removal notice.  We no
doubt have authority to review for abuse of discretion the
Tenth Circuit's denial of Dart's appeal from the District
Court's remand order, see *supra,* at 8, and in doing so, to

——————

 [7]Caution is in order when attributing a basis to an unreasoned deci-
sion.  But we have not insisted upon absolute certainty when that basis
is fairly inferred from the record.  See *Taylor* v. *McKeithen*, 407 U. S.
191, 193, n. 2 (1972) (*per curiam*) (rejecting "possible, but unlikely"
basis for unreasoned decision); *Nixon* v. *Fitzgerald*, 457 U. S. 731, 742–
743 (1982) (facing an unreasoned Court of Appeals decision, we projected
what the Court of Appeals "appears to have" reasoned); Tr. of Oral
Arg. 18–19 (observing that an appellate court often assumes that a first
instance court based its unexplained discretionary decision on the
ground the prevailing party presented).

correct the erroneous view of the law the Tenth Circuit's decision fastened on district courts within the Circuit's domain.[8]

\*    \*    \*

For the reasons stated, the judgment of the U. S. Court of Appeals for the Tenth Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

---

[8] Our disposition does not preclude the Tenth Circuit from asserting and explaining on remand that a permissible ground underlies its decision to decline Dart's appeal.

# SUPREME COURT OF THE UNITED STATES

_____

No. 13–719

_____

## DART CHEROKEE BASIN OPERATING COMPANY, LLC, ET AL., PETITIONERS *v.* BRANDON W. OWENS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE TENTH CIRCUIT

[December 15, 2014]

JUSTICE SCALIA, with whom JUSTICE KENNEDY and JUSTICE KAGAN join, and with whom JUSTICE THOMAS joins as to all but the final sentence, dissenting.

When Dart removed this class action to federal court, it was required to file a "notice of removal" containing "a short and plain statement of the grounds for removal." 28 U. S. C. §1446(a). In accordance with what it thought to be Tenth Circuit jurisprudence, the District Court interpreted this to require evidence (as opposed to mere allegations) supporting federal jurisdiction. After finding that Dart's notice of removal did not include evidence of the jurisdictionally required amount in controversy, the District Court remanded the case to state court. App. to Pet. for Cert. 25a–28a. Dart sought permission to appeal this order under §1453(c)(1), which provides that "a court of appeals *may* accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed" (emphasis added). Without stating its reasons, the Tenth Circuit issued an order denying Dart's request. App. to Pet. for Cert. 13a.

Eager to correct what we suspected was the District Court's (and the Tenth Circuit's) erroneous interpretation of §1446(a), we granted certiorari to decide whether no-

tices of removal must contain evidence supporting federal jurisdiction. After briefing we discovered a little snag: This case does not present that question. Because we are reviewing the *Tenth Circuit's* judgment, the only question before us is whether the Tenth Circuit abused its discretion in denying Dart permission to appeal the District Court's remand order. Once we found out that the issue presented differed from the issue we granted certiorari to review, the responsible course would have been to confess error and to dismiss the case as improvidently granted.

The Court, however, insists on deciding whether the District Court erred in remanding this case to state court. How can it do that, one might ask, when the only issue in this case concerns the propriety of the Tenth Circuit's rejection of Dart's appeal? The Court hits upon a solution: It concludes that the Tenth Circuit decided not to hear the appeal *because it agreed with the District Court's analysis*. Attributing the District Court's reasoning to the Tenth Circuit allows the Court to pretend to review the appellate court's exercise of discretion while actually reviewing the trial court's legal analysis.

There are problems with this approach that are, in a rational world, insuperable. To begin with, the Tenth Circuit's short order does not tell us why it decided not to hear Dart's appeal. It *might* have done so for an impermissible reason—for example, agreement with the District Court's legal reasoning. But it might instead have done so for countless other, permissible, reasons—for example, a concern that this would be a poor vehicle for deciding the issue presented by Dart's appeal, or a concern regarding the court's ability to quickly resolve the issue, see §1453(c)(2)–(3) (providing that appeals accepted under §1453(c)(1) must be decided within 60 days, absent consent of the parties, with a 10-day extension for "good cause shown and in the interests of justice").

Not long ago we held, unanimously, that "[a]n appellate

court should not presume that a district court intended an incorrect legal result when the order is equally susceptible of a correct reading, particularly when the applicable standard of review is deferential." *Sprint/United Management Co.* v. *Mendelsohn*, 552 U. S. 379, 386 (2008). There, we corrected the Tenth Circuit for doing precisely what the Court itself does today in reviewing (deferentially) the Tenth Circuit's denial of permission to appeal: presuming that the lower court adopted a legally erroneous argument advanced by one party. *Id.*, at 384–385. We explained to the Tenth Circuit that "it would be inappropriate for the reviewing court to assume, absent indication *in the District Court's opinion*, that the lower court adopted a party's incorrect argument." *Id.*, at 385, n. 2 (emphasis added). Today, however, this Court blatantly violates that rule.

The only "indication in the opinion" that the Court relies on is the following language from the order denying permission to appeal: "Upon careful consideration of [1] the parties' submissions, as well as [2] the applicable law, the Petition [for permission to appeal the remand order] is denied." App. to Pet. for Cert. 13a–14a. This, the Court tells us, means the Tenth Circuit *must have denied Dart's petition because it agreed with the District Court's legal conclusion.* Of course it means no such thing.

As for point [1], *considering* a submission is not the same thing as *agreeing* with that submission. Worse still, correctness of the District Court's opinion was not the only ground that Owens' brief in the Tenth Circuit urged to support denial of the petition for review. It noted, for example, that the case addressed the general removal statute, §1446(a), and so did not involve a question unique to the Class Action Fairness Act of 2005 (CAFA). Response to Petition for Permission to Appeal in No. 13–603, p. 3. (The Tenth Circuit considers "the presence of an important CAFA-related question" a reason to accept an

appeal. *BP America, Inc.* v. *Oklahoma ex rel. Edmonson*, 613 F. 3d 1029, 1034 (2010) (internal quotation marks omitted).)

As for point [2], there is no reason whatever to believe that the only "applicable law" the Tenth Circuit considered and relied on was the law relating to the correctness of the District Court's decision—*i.e.,* the law interpreting §1446(a). After all, the "applicable law" surely includes the law applicable to the disposition of petitions to appeal, §1453(c)(1), and that body of law includes countless reasons to deny permission to appeal that are unrelated to the merits of the underlying district court judgment. "Applicable law" would allow the Tenth Circuit, for example, to deny permission to appeal for reasons not mentioned in the parties' briefing. It would allow it to deny permission because it would be unable to resolve the issue within 60 days, as required by CAFA (absent an extension). §1453(c)(2) and (c)(3); see also 730 F. 3d 1234, 1238 (Hartz, J., dissenting from denial of rehearing en banc) ("It will always be tempting for very busy judges to deny review of a knotty matter that requires a decision in short order"). And "applicable law" would permit numerous other grounds for denial, including those applied by this Court in denying petitions for certiorari. There is, to tell the truth, absolutely nothing in the Tenth Circuit's order to suggest that it relied on the unlawful ground that the Court eagerly attributes to it, rather than one of many possible lawful grounds. Thus, as we said in *Mendelsohn*, "it would be inappropriate for the reviewing court [us] to assume . . . that the lower court adopted a party's incorrect argument." 552 U. S., at 385, n. 2.

Besides relying on the utterly uninformative language of the order, the Court makes one other attempt to demonstrate that the Tenth Circuit's order was based upon its agreement with the holding of the District Court. It asserts that denying Dart permission to appeal "froz[e] in

place" the District Court's rule. *Ante,* at 10. In light of that denial, the Court says, any "responsible attorney" will include evidence supporting jurisdiction in his notice of removal, thereby eliminating the risk of having that notice held improper for the reason given by the District Court in this case. As a result, the Tenth Circuit will likely never again be presented with the question whether evidence of jurisdiction must be included with a notice of removal. *Ibid.* The Court then notes that, among the many factors the Tenth Circuit considers in deciding whether to accept an appeal under §1453(c)(1), is whether the case presents an issue which, if not resolved in that appeal, will "leave the ambit of the federal courts for good." *BP America*, *supra*, at 1035. One would have thought that this factor, if it controlled the Tenth Circuit's denial, means that the Tenth Circuit *did not agree with* the Court's perception that this issue will not likely reappear. The Court, however, says (quite illogically) that it means the Tenth Circuit *must have agreed* with the District Court's incorrect legal analysis. It is hard to imagine a more obvious non sequitur.

And the argument not only tortures logic, it also distorts reality, resting as it does on the premise that henceforth no "responsible attorney" will fail to include evidence supporting federal jurisdiction in a notice of removal. Even discounting the existence of irresponsible attorneys, but see, *e.g., Maples* v. *Thomas*, 565 U. S. \_\_\_ (2012), responsible attorneys, and even responsible judges, sometimes make mistakes, see, *e.g.,* 572 U. S. \_\_\_ (2014) (order granting certiorari in this case). Indeed, Dart's own (seemingly responsible) lawyers failed to include evidence supporting federal jurisdiction, despite what they argue is Circuit precedent supporting the District Court's holding. See Tr. of Oral Arg. 12 (counsel for Dart, explaining that the District Court's ruling was supported by Tenth Circuit precedent).

Even in the legal utopia imagined by the Court—a world in which all lawyers are responsible and no lawyers make mistakes—it is easy to imagine ways in which the issue could come back to the circuit court. If, for example, a party appealed a district court decision addressing the sufficiency of the jurisdictional evidence, the Tenth Circuit could accept the appeal and hold (en banc, if necessary) that no evidence is required at all. In short, it is impossible to credit the suggestion (irrelevant in any case) that the chances of this issue arising again were "slim." *Ante,* at 10.

The Court attempts to bolster its conclusion with an unprincipled and unequal application of the waiver doctrine. Owens, it says, by failing to brief the argument that the Tenth Circuit denied Dart's petition for reasons other than its agreement with the District Court's decision, waived that argument. *Ante,* at 12 (citing this Court's Rule 15.2). Dart, however, never made an argument that would have called for such a response. It never argued that the Tenth Circuit abused its discretion in denying permission to appeal. Aside from one stray assertion on the final page of its reply brief, its briefing focused entirely on whether the *District Court* erred in remanding the case to state court. See, *e.g.,* Brief for Petitioners 9 ("This Court should reverse the district court's order remanding the case to state court"). Rather than hold Dart responsible for failing to argue that the Tenth Circuit abused its discretion, see *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U. S. ___, ___, n. 2 (2014) (slip op., at 5, n. 2) ("We will not revive a forfeited argument simply because the petitioner gestures toward it in its reply brief"), the Court makes the argument on Dart's behalf and then takes Owens to task for failing to refute it. This Court ought not embrace such an oddhanded application of waiver principles.

The Court answers that Dart "had no cause to address"

whether the Tenth Circuit abused its discretion until the issue was raised in Public Citizen's *amicus* brief. *Ante,* at 9, n. 3. Not good enough. First, parties always have "cause to address" issues on which their entitlement to relief depends. Second, and more important, Public Citizen filed its *amicus* brief after *both sides* had already filed their merits briefs. So if the timing of that brief excuses Dart's failure to address whether the Tenth Circuit abused its discretion, it should excuse Owens' failure as well.

I come, finally, to the Court's stinging observation that I joined the majority opinion in *Standard Fire Ins. Co.* v. *Knowles*, 568 U. S. ___ (2013)—a case that arose in the same posture as this one, but that was resolved without reference to the question whether the appellate court abused its discretion. *Ante,* at 8, n. 2. Of course *Knowles* did not address whether denials of permission to appeal under §1453(c)(1) are to be reviewed for abuse of discretion—which is why today's majority cannot cite it as precedent. See *Brecht* v. *Abrahamson*, 507 U. S. 619, 630–631 (1993). As for my own culpability in overlooking the issue, I must accept that and will take it with me to the grave. But its irrelevance to my vote in the present case has been well expressed by Justice Jackson, in a passage quoted by the author of today's opinion: "I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday." *Massachusetts* v. *United States*, 333 U. S. 611, 639–640 (1948) (dissenting opinion), quoted in *Burwell* v. *Hobby Lobby Stores, Inc.*, 573 U. S. ___, ___, n. 11 (2014) (slip op., at 12, n. 11) (GINSBURG J., dissenting).

\*    \*    \*

Instead of correcting an erroneous district court opinion at the expense of an erroneous Supreme Court opinion, I would have dismissed this case as improvidently granted. Failing that, my vote is to affirm the Court of Appeals,

since we have absolutely no basis for concluding that it abused its discretion.

# SUPREME COURT OF THE UNITED STATES

No. 13–719

DART CHEROKEE BASIN OPERATING COMPANY,
LLC, ET AL., PETITIONERS *v.*
BRANDON W. OWENS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE TENTH CIRCUIT

[December 15, 2014]

JUSTICE THOMAS, dissenting.

I agree with JUSTICE SCALIA that the merits of the District Court's decision are not properly before the Court. I write only to point out another, more fundamental, defect in the Court's disposition: We lack jurisdiction to review even the Court of Appeals' denial of permission to appeal.

Congress has granted this Court jurisdiction to review "[c]ases in the courts of appeals" by writ of certiorari. 28 U. S. C. §1254. Purporting to act pursuant to this grant of jurisdiction, the majority today reviews the decision of the Court of Appeals to deny an application for permission to appeal a remand order. But such an application is not a case: It "'does not assert a grievance against anyone, does not seek remedy or redress for any legal injury, and does not even require a "party" on the other side.'" *Miller-El* v. *Cockrell*, 537 U. S. 322, 355 (2003) (THOMAS, J., dissenting) (quoting *Hohn* v. *United States*, 524 U. S. 236, 256 (1998) (SCALIA, J., dissenting)).

To justify its action here, the majority quietly extends an opinion of this Court holding that applications for certificates of appealability (COAs) in the federal habeas context are "cases." *Hohn, supra.* *Hohn* was wrongly decided, and the majority's uncritical extension of its

holding only compounds the error. *Hohn* rests tenuously on the conclusion that the determination that must be made on an application for a COA is more like a threshold determination than a separate judicial proceeding. See *id.*, at 246–248. The basis for that conclusion, if any exists, must rest on features unique to the COA: "The COA determination . . . *requires* an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, *supra*, at 336 (emphasis added). The best argument one could make in favor of *Hohn* is that, because a court's decision on an application for a COA turns on the strength of the applicant's grievance and his entitlement to relief, the application absorbs the case-like qualities of the underlying merits case. See *Hohn*, *supra*, at 248.

No such osmosis could transform an application for permission to appeal a remand order into a "case." As JUSTICE SCALIA explains, the decision whether to permit such an appeal requires no assessment of the merits of a remand order. See *ante,* at 2 (dissenting opinion). The application here is nothing more than a request for discretionary permission to seek review. See *Miller-El*, *supra*, at 355 (THOMAS, J., dissenting). The Tenth Circuit having denied that permission, no "case" ever arrived "in the court of appeals." I would dismiss for lack of jurisdiction.