# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3134

_____

In re Curtis Bruce Willis,        *
       *   Petition for Writ of Mandamus.
    Petitioner.        *
       *        [PUBLISHED]

_____

Submitted: September 20, 2000

Filed: October 3, 2000

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

Zachary Perry, a Missouri resident, filed this personal injury action in Missouri state court on October 7, 1999, against Virginia resident Curtis Bruce Willis. The complaint sought an unspecified amount of damages for pain and suffering, permanent disability, and wage loss. Following an initial round of discovery wherein Willis filed an Offer of Judgment in the amount of $75,001, Willis removed the action to federal court under 28 U.S.C. § 1441(b), asserting the court had diversity jurisdiction under 28 U.S.C. § 1332(a). Perry then moved to remand the case to state court, arguing the notice of removal was filed beyond the thirty-day time limit of 28 U.S.C. § 1446(b). The district court agreed, reasoning that the case was removable when filed and therefore the alternative time limit[1] of section 1446(b) did not apply.

---

[1]Section 1446(b) provides that if the case as stated in the initial pleadings is not removable, the notice of removal may be filed within thirty days of when the defendant first discovers the case is removable. See 28 U.S.C. § 1446(b).

We disagree. We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount. See Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). This rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id. Further, this rule prevents a plaintiff from disguising the amount of damages until after the thirty-day time limit has run to avoid removal to federal court. We therefore grant the petition for mandamus and direct the district court to reassume jurisdiction of the case and reinstate the case on its docket.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.