**Thay NGUYEN and The Hartford, Plaintiffs,**

v.

**Frederick F. KAUTZ, Defendant.**

**No. 1–00–CV–90065.**

United States District Court,
S.D. Iowa,
Western Division.

Dec. 27, 2000.

Bruce B. Green, Council Bluffs, IA, for plaintiffs.

James C. Huber, Des Moines, IA, for defendant.

### ORDER

PRATT, District Judge.

Before the Court is Plaintiff's Motion to Remand. The basis for Plaintiffs' motion is that Defendant failed to file its Notice of Removal within the thirty-day time limit prescribed in 28 U.S.C. § 1446(b). Plaintiffs served Defendant with a summons and a copy of their Petition on January 13, 2000. However, Defendant did not file his Notice of Removal until October 11, 2000.

Section 1446(b) states, in part, as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The Eighth Circuit has recently adopted a bright-line rule that "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." *In re Willis,* 228 F.3d 896, 897 (8th Cir.2000). The thrust behind the new rule is to put the burden on plaintiffs to start the alter-

native time clock in § 1446(b). *See In re Willis*, 228 F.3d at 897; *see also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162–163 (5th Cir.1992) (rejecting the idea that the defendant has a duty to exercise due diligence in determining the amount in controversy), *cited in In re Willis*, 228 F.3d at 897.

■ This has great practical implications for plaintiffs. It means that in Iowa, plaintiffs who want the 30–day time limit to begin running immediately must do one of two things: (1) state in their petition that the amount in controversy exceeds the federal jurisdictional requirement, if Iowa Code § 619.18 is interpreted to allow such a statement;[1] or (2) serve the defendant with a statement of the same separate from the petition. If the plaintiff never serves the defendant with notice that the amount in controversy exceeds the federal jurisdictional amount, the defendant will be able to remove the case for up to one year after the commencement of the action.

■ Plaintiff's Petition states only that "the amount in controversy exceeds the jurisdiction of the Small Claims Court." Petition ¶ 12. Defendant states, and Plaintiff does not refute, that no "other paper" has given him notice of the amount in controversy. The alternative time limit in section 1446(b) has therefore not yet begun to run. Defendant's Notice of Removal was timely. Plaintiffs' Motion to Remand (Clerk's # 4) is **denied**.

**IT IS SO ORDERED.**

---

**1.** *In re Willis* involved a complaint filed in Missouri, which, like Iowa, prohibits a plaintiff from stating the amount of relief he requests in his initial complaint. 228 F.3d at 897. *See* Mo. Ann. Stat. § 509.050; Iowa Code § 619.18. Therefore, it is clear that the Eighth Circuit is assuming that state statutes that prohibit a plaintiff from stating an amount of relief in their initial complaint allow a plaintiff to plead a federal jurisdictional requirement just as they allow a plaintiff to plead himself out of small claims court jurisdiction.