# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1757

_____

Robert Hurst, on behalf of himself and all others similarly situated

*Plaintiff - Appellee*

v.

Nissan North America, Inc.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 14, 2013
Filed: May 31, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robert Hurst brought a state-wide class action lawsuit against Nissan North America, Inc. ("Nissan") in Missouri state court on December 14, 2009, alleging that certain cars manufactured by Nissan had defective dashboards. The petition sought compensatory damages as well as attorneys' fees and costs. On February 16, 2010, Nissan removed the action to federal court under the Class Action Fairness Act of

2005 ("CAFA"), 28 U.S.C. § 1332(d), § 1453. The district court granted Hurst's motion for remand, concluding that, based on the petition, the amount in controversy was (at most) $2,858,000, thus falling short of CAFA's $5,000,000 jurisdictional requirement. Nissan did not seek review of the court's remand order, and a state court subsequently certified a class of Nissan vehicle owners and appointed Hurst as the class representative. Trial was set for January 7, 2013. Three weeks before trial, counsel for Hurst submitted proposed jury instructions for punitive damages. Nissan promptly removed the action to federal court, contending that, in light of the requested instruction for punitive damages, CAFA's amount in controversy requirement was now satisfied. Nissan also argued that its removal was timely under 28 U.S.C. § 1446(b)(3) because Hurst's state court petition had not adequately pleaded punitive damages and thus it first became ascertainable that the action was removable when Hurst submitted proposed instructions. The district court[1] agreed with Nissan that its removal was timely. See Hurst v. Nissan N. Am., Inc., No. 4:12-CV-1488, 2013 WL 65466, at *3-4 (W.D. Mo. Jan. 4, 2013). But because Hurst's petition failed to adequately plead punitive damages, the court concluded that such damages were, as a matter of Missouri law, unrecoverable at trial and thus CAFA's amount in controversy requirement was not met. Id. at *4. Nissan petitioned for leave to appeal the remand order under 28 U.S.C. § 1453(c). We granted the petition, and now affirm.

"CAFA provides the federal courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000." Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013) (quotations omitted). As the proponent of federal jurisdiction, Nissan has the burden to establish by a preponderance of the evidence that the jurisdictional amount is satisfied. See Bell v. Hershey Co., 557

---

[1]The Honorable David Gregory Kays, District Judge for the Western District of Missouri.

F.3d 953, 956 (8th Cir. 2009). Under this standard, Nissan need not prove that the damages "*are* greater than the requisite amount," only that a fact-finder "*might* legally conclude that they are." Id. at 959 (emphasis in original and quotations omitted). Once Nissan has met its initial burden, Hurst can avoid federal court only by establishing "that it is legally impossible to recover in excess of the jurisdictional minimum." Id. It is the amount in controversy at the time of removal that controls this jurisdictional inquiry. See Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789-90 (8th Cir. 2012).

Here, the district court concluded that, because punitive damages were not sought in the state court petition, such damages were legally unrecoverable under Missouri law.[2] See Hurst, 2013 WL 65466, at *4, citing Green v. Study, 286 S.W.3d 236, 243 (Mo. App. 2009), and Benson v. Jim Maddox Nw. Imports, Inc., 728 S.W.2d 668, 669-70 (Mo. App. 1987); see also Mo. Rev. Stat. § 509.200 ("In actions where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages sought to be recovered."); Mo. R. Civ. P. 55.19. On appeal, Nissan does not dispute the court's construction of state law -- specifically, its conclusion that punitive damages may not be awarded unless they are specifically pleaded in the petition. Instead, Nissan argues the court erred in predicting that, because Hurst's request for punitive damages was made on the eve of trial, the state court would necessarily deny a request to amend the petition to add a claim for punitive damages. But this argument puts the cart before the horse. The

---

[2]Neither party on appeal challenges the district court's ruling that, under 28 U.S.C. § 1446(b)(3), Nissan's removal was timely. We agree with the court's conclusion. Each of Hurst's three state court petitions, including the now-operative Second Amended Petition, sought only compensatory damages. Indeed, as Hurst now concedes, the petitions neither expressly stated a claim for punitive damages, nor alleged facts that could have supported a punitive damages award. The court therefore properly held that Nissan's removal seven days after Hurst proposed jury instructions for punitive damages was timely.

jurisdictional consequence of a motion to amend to add punitive damages was not before the district court, and is not now before us on appeal, as no motion has been made. We do not construe the court's order as impermissibly speculating on what a state court may or may not do. Rather, the court properly considered whether Hurst had established to a legal certainty that, under state law, a fact-finder cannot award more than $5,000,000.

Nissan also relies on 28 U.S.C. § 1446(b)(3), which provides, in relevant part, that "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." According to Nissan, the inclusion of the terms "motion" and "other paper" evinces congressional intent not to make formal amendments a prerequisite to removal. To hold otherwise, says Nissan, would effectively write the term "other paper" out of the statute. But § 1446 merely sets forth the procedural requirements for removal to federal court; it does not inform the substantive question of whether the action is removable in the first place. Stated differently, Nissan's argument begs the ultimate question: Is the case one which is, or has become, removable? Construing Missouri law, the district court concluded that, at the time of removal, the case was not removable because it was legally impossible for the class to recover more than $5,000,000. We agree.

Nissan understandably felt ambushed by Hurst's counsel. That counsel would propose jury instructions for punitive damages, having obtained a remand to state court because such damages were legally unrecoverable under Missouri law, strikes us as peculiar if not questionable behavior. On remand, should punitive damages find their way into the case for consideration by the jury (whether by formal amendment to the pleadings or otherwise), immediate removal would be timely and almost certainly proper.

-4-

The district court's Order Granting Motion To Remand dated January 4, 2013, is affirmed.

_____