# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-8009

_____

James Pudlowski; Louis C. Cross, III; Gail Henry; Steven Henry, on behalf of themselves and all others similarly situated

*Respondent*s

v.

The St. Louis Rams, LLC; The St. Louis Rams Partnership; ITB Football Company, LLC

*Petitioner*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 1, 2016
Filed: July 19, 2016
[Published]

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

The St. Louis Rams, LLC and other associated entities (collectively "Rams") appeal the district court's decision to remand this case to the Missouri state court. We

vacate the district court's order and remand to the district court for further proceedings.

The class of plaintiffs sued the Rams in the Twenty-Second Circuit Court in the city of St. Louis for violating the Missouri Merchandising Practices Act. The alleged violations arise out of the Rams' relocation of their professional football team to Los Angeles, California. The Rams filed a notice of removal, seeking a federal forum based on the jurisdiction that federal courts have pursuant to the Class Action Fairness Act (CAFA). *See* 28 U.S.C. § 1332(d). Once before the federal district court, the plaintiffs moved the court to remand the case to the state court based predominantly on a lack of minimal diversity necessary to support CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2). The Rams submitted two postremoval affidavits to demonstrate diversity. In ruling on the motion to remand, the district court expressly declined to consider the affidavits because they were not included as part of the Rams' notice of removal.

On appeal, the Rams argue that the district court erred when it refused to consider the affidavits simply because they were not included as part of the notice of removal. The plaintiffs concede that the district court should have considered the affidavits but nonetheless argue that another appropriate and sufficient reason justified remand.

The Rams properly removed the case to federal court by filing a notice of removal "containing a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). Addressing the amount-in-controversy requirement, the Supreme Court recently clarified that "a defendant's notice of removal need include only a plausible allegation" that the jurisdictional requirements are met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of

removal unless the plaintiff or the court questions the defendant's claim of jurisdiction. *Id.*

The district court interpreted the rule that a federal court's jurisdiction is measured "at the time of removal," *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citations omitted), to preclude it from considering evidence submitted to the court postremoval. The district court's refusal to consider postremoval evidence effectively denied the Rams the opportunity for jurisdictional discovery to establish their claim of federal jurisdiction. We review such a denial for an abuse of discretion. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008).

While it is true that jurisdiction is measured at the time of removal, that only means that facts arising subsequent to removal have no bearing on a court's jurisdictional determination. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012). Discovery is not limited to the merits of a case; "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (citation omitted). This makes good sense given that jurisdiction is (1) important, (2) often fact-intensive, and (3) only required to be alleged plausibly in a notice of removal. A court has an independent obligation to ensure that the case is properly before it. Discovery is often necessary because jurisdictional requirements rest on facts that can be disputed, for instance, the domicile of the parties. Here, the district court abused its discretion by refusing to consider the affidavits simply on the ground that the Rams submitted the affidavits postremoval. The Rams notice of removal did not need to be accompanied by a submission of evidence. The district court's refusal to consider postremoval evidence prejudiced the Rams by limiting their ability to prove their statutory right to a federal forum.

We vacate the district court's order remanding the case to the Missouri state court and remand this case to the district court for further proceedings consistent with our ruling.

_____