MURPHY, Circuit Judge,
dissenting.
Because the majority has misapplied the standard for deciding when the removal clock begins to run under 28 U.S.C. § 1446(b)(3), I dissent. A prerequisite to federal jurisdiction under the Class Action Fairness Act (CAFA) is that the aggregate amount in controversy exceed $5,000,000. 28 U.S.C. § 1332(d)(2). If a complaint does not meet this CAFA jurisdictional requirement at the outset, but a defendant later receives “a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable,” that defendant has thirty days in which to remove the case. 28 U.S.C. § 1446(b)(3).
CAFA does not specify what information must be included to trigger the thirty day clock “or how a defendant should ‘ascertain’ removability.” Cutrone v. Mortg. Elec. Registration Sys., Inc., 749 F.3d 137, *523 142 (2d Cir. 2014). Here, the majority concludes that the CAFA thirty day removal period “does not begin to run until the defendant receives from the plaintiff an amended pleading, motion, order, or other paper ‘from which the defendant can unambiguously ascertain’ that the CAFA jurisdictional requirements have been satisfied.” (quoting Graiser v. Visionworks of Am., Inc., 819 F.3d 277, 285 (6th Cir. 2016)).
The majority concludes that plaintiffs’ March 11, 2016 letter did not unambiguously state that they were seeking more than $5,000,000 in damages by recommending “a total payment of $6,500,000 to resolve th[e] matter,” but this letter clearly indicates that .plaintiffs were seeking damages in excess of the jurisdictional amount. The majority overlooks the first statement in plaintiffs letter when it concludes that the letter did not indicate that plaintiffs “would definitively and finally settle the matter for the recommended sum.” Plaintiffs wrote, “as requested, this letter constitutes plaintiffs’ settlement demand.”
Disregard of an explicit settlement demand makes it harder for parties to determine when the thirty day clock starts and undermines the goals of “promot[ing] certainty and judicial efficiency.” See In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir.1992)). Since plaintiffs unambiguously sought damages in excess of CAFA’s jurisdictional amount in their March 11 letter, the district court’s order remanding this case to state court should be affirmed.