# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2812

_____

Jaclyn Waters, individually and on behalf of all others similarly situated in Missouri

*Plaintiff - Appellee*

v.

Ferrara Candy Co.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 19, 2017
Filed: October 13, 2017
[Published]

_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

With this court's permission, Ferrara Candy Co. (Ferrara) appeals the district court's[1] order remanding this putative class action back to the state court from which it was removed. Neither party having waived the time limit in 28 U.S.C. § 1453(c)(2), we resolve this appeal on the parties' briefs. We affirm.

## I. Background

Plaintiff Jaclyn Waters filed this putative class action in the Circuit Court for the City of St. Louis, Missouri, alleging that Ferrara had engaged in "false, deceptive, and misleading conduct" by selling substantially under-filled or "slack-filled" cardboard boxes of Red Hot candies. In her petition, Waters claimed that Ferrara's conduct violated the Missouri Merchandising Practices Act (MMPA), see Mo. Rev. Stat. § 407.010, *et seq.*, and that Ferrara has been unjustly enriched by its deception of Waters and other similarly situated Red Hots consumers in Missouri. She sought compensatory damages, disgorgement, restitution, and unspecified injunctive relief on behalf of herself and others who had purchased slack-filled boxes of Red Hots in Missouri within the five-year period preceding the lawsuit.

Ferrara removed the action to federal court, seeking to invoke the district court's jurisdiction under the Class Action Fairness Act (CAFA), see 28 U.S.C. § 1332(d). Waters thereafter moved to remand the case back to state court, arguing that the amount in controversy in this matter falls below the $5 million threshold necessary for federal jurisdiction under CAFA. The district court entered an order granting the motion and remanding this case to the state court. More specifically, the district court applied the so-called plaintiffs' viewpoint rule, determined that remand was necessary because the amount in controversy did not exceed $5 million from the putative class's perspective, and held alternatively that Ferrara had failed to show that

---

[1]The Honorable Noelle C. Collins, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

the amount in controversy exceeded $5 million under the either viewpoint rule Ferrara had urged the court to apply. We granted Ferrara permission to appeal the remand order, pursuant to 28 U.S.C. § 1453(c). The issue now before us is whether the amount in controversy in this putative class action exceeds $5 million, exclusive of interest and costs, as is required to invoke the district court's jurisdiction under CAFA. See 28 U.S.C. § 1332(d)(2).

Ferrara argues that the district court erred by applying the plaintiffs' viewpoint rule when it calculated the amount in controversy. According to Ferrara, in enacting CAFA, Congress authorized federal courts to apply the either viewpoint rule. Under the either viewpoint rule, courts may determine the amount in controversy either from the plaintiffs' perspective, *i.e.*, the aggregate value of the claims to the class members, or from the defendant's perspective, *i.e.*, the total potential cost to the defendant should the plaintiffs prevail, including all damages, attorney's fees, and costs the defendant would incur in complying with an award of injunctive relief. In support, Ferrara points to CAFA's text, which—unlike the anti-aggregation rule applicable to federal diversity jurisdiction under 28 U.S.C. § 1332(a)—mandates aggregation of the value of the plaintiffs' claims. See 28 U.S.C. § 1332(d)(6). Ferrara also relies heavily on a Senate Judiciary Committee Report endorsing the either viewpoint rule. See S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 41 (Feb. 28, 2005), reprinted in 2005 U.S.C.C.A.N. 3, 41, 2005 WL 627977.

Ferrara submitted two affidavits in support of its contention that the amount in controversy in this case exceeds $5 million. In the first affidavit, a Ferrara vice president attested, inter alia, that from 2012 to 2016, Ferrara's sales of Red Hots packaged in cardboard boxes totaled $27,592,167, of which $464,903 was from sales in the City of St. Louis and the Kansas City metropolitan area. In its second affidavit, a Ferrara executive averred that, based on his knowledge of Ferrara's packing processes and his investigation into the costs of upgrading its packaging equipment, "necessary changes to Ferrara's production capital equipment, which could result from

an injunction requiring a material increase in the percentage fill of Red Hots candy [in the cardboard boxes], would exceed $6,000,000." In Ferrara's view, these affidavits establish that the amount in controversy in this case exceeds $5 million.

## II. Discussion

We review a district court's remand for lack of CAFA jurisdiction de novo. See Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (citation omitted); cf. Westerfield v. Ind. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010) (citation omitted) (de novo review of a district court's interpretation of CAFA). When a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds CAFA's jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 553 (2014). However, where the plaintiff contests the defendant's amount-in-controversy allegation, "'[r]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." Id. at 553–54 & 554 n.1 (ellipsis in original) (quoting 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554; Bell v. Hershey Co., 557 F.3d 953, 958 (8th Cir. 2009). "The party seeking to remove a case to federal court [under CAFA] bears the burden of establishing federal jurisdiction." Westerfield, 621 F.3d at 822.

We need not resolve the issue of whether courts should apply the plaintiffs' viewpoint rule or the either viewpoint rule when determining the amount in controversy under CAFA because Ferrara did not meet its burden under either rule. If the plaintiffs prevail in this case, they will be entitled to monetary relief and attorney's fees well below $5 million, regardless of whether the monetary relief comes

in the form of compensatory damages, restitution, or disgorgement. Punitive damages are not in controversy because the petition does not seek them. See Mo. Rev. Stat. § 509.200 (requiring that petitions explicitly state the amount of punitive damages sought to be recovered).

Moreover, Ferrara's affidavits are insufficient to quantify, beyond mere speculation, the costs it would incur in complying with an award of injunctive relief in this case. A removing defendant can establish federal jurisdiction with "specific factual allegations . . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753–54 (11th Cir. 2010); cf. Raskas v. Johnson & Johnson, 719 F.3d 884, 886–87 (8th Cir. 2013). However, the amount in controversy is not established by a preponderance of the evidence if a court must resort "to conjecture, speculation, or star gazing." Id. at 754; cf. Northup Props., Inc. v. Chesapeake Appalachia, L.L.C., 567 F.3d 767, 771 (6th Cir. 2009) (defendant's affidavits were specific enough to establish amount-in-controversy threshold by a preponderance of the evidence where they did not require "judicial star-gazing" to quantify the value of a mineral interest). As the district court aptly observed, Ferrara's executive did not specify "whether the assumed injunction would require additional filling of the existing package sizes or shrinking the package size to more closely fit the current weight of actual candy," and he also did not specify "whether the supposed injunction would require modification of every Red Hots candy production line or only a few lines." Thus, even if we were to apply the either viewpoint rule, Ferrara did not establish by a preponderance of the evidence that the amount of controversy in this matter exceeds $5 million. See Dart Cherokee, 135 S. Ct. at 554.

Accordingly, we affirm.

_____