# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-8014
_____

Mark Pirozzi; Keila Green, individually and on behalf of others similarly situated

*Respondent*s

v.

Massage Envy Franchising, LLC

*Petitioner*
_____

Petition for Permission to Appeal from United States
District Court for the Eastern District of Missouri - St. Louis
_____

Submitted: August 6, 2019
Filed: September 17, 2019
_____

Before LOKEN, SHEPHERD, and GRASZ, Circuit Judges.
_____

LOKEN, Circuit Judge.

Mark Pirozzi and Keila Green as named plaintiffs filed a class action lawsuit in Missouri state court against Massage Envy Franchising, LLC ("Massage Envy"). The petition alleged that Massage Envy violated the Missouri Merchandising Practices Act ("MMPA") when advertisements for its one hour massage session failed to disclose that the session included ten minutes to undress, dress, and consult with the therapist. A second amended petition filed in March 2019 expanded the class claims

to include Massage Envy's one and one-half and two hour sessions. The petitions sought compensatory, statutory, and punitive damages and an award of attorneys' fees in unspecified amounts. Massage Envy filed a notice of removal on April 1, 2019, invoking federal diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. Massage Envy alleged that, if liable to the class, it would potentially owe an aggregate of $2.885 million in compensatory damages, based on the value of ten minutes of massage, $720,000 in attorneys' fees, assuming a 25% fee award, and $3.6 million in punitive fees, assuming an award of punitive damages equal to the compensatory damages and attorneys' fees.

Plaintiffs moved to remand the class action to state court, arguing the notice of removal was untimely. See 28 U.S.C. § 1446(b). Without addressing that question, the district court remanded the case to state court, concluding it lacked subject matter jurisdiction because "Massage Envy offers nothing but speculation that potential awards of attorneys' fees and punitive damages push the amount in controversy over $5 million," the minimum aggregate amount in controversy required to remove a class action under CAFA. See § 1332(d)(2). Massage Envy petitions for permission to appeal the remand order. See § 1453(c)(1). Reviewing de novo, we conclude the district court misapplied controlling Supreme Court and Eighth Circuit CAFA precedents. Accordingly, we grant permission to appeal, reverse the district court's remand order, deny plaintiffs' motion to remand, and remand for further proceedings.

"A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits." Bell v. Hershey Co., 557 F.3d 953, 957 (8th Cir. 2009). CAFA expands federal diversity jurisdiction to include class actions in which more than $5 million is in controversy if "any member of a class of plaintiffs is a citizen of a State different from any defendant." § 1332(d)(2)(A). If the class action complaint does not allege that more than $5 million is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount

in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S. Ct. 547, 554 (2014). If the class action plaintiffs challenge the notice of removal allegation, "removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." <u>Id.</u> at 553-54, quoting § 1446(c)(2)(B).

Here, plaintiffs did not challenge Massage Envy's allegation that more than $5 million is in controversy; indeed, plaintiffs' motion to remand affirmatively alleged aggregate claims that "conservatively" put more than $12 million in controversy. The district court, exercising its "independent obligation to determine whether federal subject-matter jurisdiction exists," nonetheless reviewed the class action petition and the notice of removal. In remanding, the court stated that "Massage Envy overstates the actual damages that plaintiffs could recover" and "offers nothing but speculation" as to the potential awards of attorneys fees and punitive damages. "Given the nature of [plaintiffs'] allegations," the court concluded, "it is more likely that a reasonable fact finder would not award several million dollars in punitive damages."

In <u>Dart</u>, the Supreme Court noted that a removing defendant's uncontested amount-in-controversy allegation may be "questioned by the court." 135 S. Ct. at 553. However, the district court erred by applying the wrong legal standard. As the removing party, Massage Envy has the burden to establish "not whether the damages [sought] *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." <u>Hartis v. Chicago Title Ins. Co.</u>, 694 F.3d 935, 944 (8th Cir. 2012) (quotation omitted; emphasis in original). When the notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, "then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much." <u>Raskas v. Johnson & Johnson</u>, 719 F.3d 884, 888 (8th Cir. 2013) (emphasis added), quoting <u>Spivey v. Vertrue, Inc.</u>, 528 F.3d 982, 986 (7th Cir. 2008). "Even if it is highly

improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." Id.

Applying this standard, the district court erred when it evaluated the MMPA violations alleged in plaintiffs' second amended petition and remanded the class action to state court because "it is more likely that a reasonable fact finder would not award several million dollars in punitive damages." Even if that assessment of plaintiffs' class action claims was sound (an issue we do not consider), considerations such as this go to the merits of plaintiffs' claims; they "should not be smuggled into the jurisdictional inquiry." Keeling v. Esurance Ins. Co., 660 F.3d 273, 275 (7th Cir. 2011). When plaintiffs have not challenged the removing defendant's amount-in-controversy allegations, "[t]his is a pleading requirement, not a demand for proof." Spivey, 528 F.3d at 986. So long as Massage Envy has plausibly alleged that more than $5 million is in controversy, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.

Plaintiffs' class action petition explicitly sought to recover punitive damages, unlike the class action complaint in Hurst v. Nissan North America, Inc., 511 F. App'x 584 (8th Cir. 2013).[1] Massage Envy's notice of removal alleged that plaintiffs' second amended petition put $3.6 million in aggregated compensatory damages and attorneys' fees in controversy. The petition also alleged the class is entitled to punitive damages in an unstated aggregate amount. It is undisputed that punitive damages may be awarded for egregious violations of the MMPA. See Mo. Rev. Stat. § 407.025.1; Lewellen v. Franklin, 441 S.W.3d 136, 146-48 (Mo. 2014). In Grabinski v. Blue Springs Ford Sales, Inc., we affirmed multiple punitive damage awards for

---

[1]In Hurst, we affirmed the district court's remand order because the parties agreed that, at the time defendant removed, recovery of punitive damages was legally impossible under Missouri law. But we warned that, "should punitive damages find their way into the case for consideration by the [state court] jury . . . immediate removal would be timely and almost certainly proper." 511 F. App'x at 586-87.

egregious MMPA violations where "the ratio of the collective punitive damages to the collective actual damages [was] approximately 27:1." 203 F.3d 1024, 1026 (8th Cir.), cert. denied, 531 U.S. 825 (2000). Given the awards of punitive damages upheld in prior MMPA cases such as Grabinski, plaintiffs' allegation that they are entitled to punitive damages in an unstated amount raised the amount in controversy to more than $5 million, whether or not they ultimately prove they are entitled to the punitive damages they claim. In determining the amount in controversy for CAFA removal purposes, "we must accept the class's characterization." Keeling, 660 F.3d at 275.

The remaining issue is plaintiffs' motion to remand, which the district court denied as moot. Plaintiffs argue that Massage Envy's notice of removal was untimely because the class action allegations in their original petition, as well as in their second amended petition, put more than $5 million in controversy. We conclude this contention is without merit. The thirty-day removal period in § 1446(b)(3) "begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." In re Willis, 228 F.3d 896, 897 (8th Cir. 2000). If the complaint contains no such disclosure, the time limit begins to run when the removing defendant "receives from the plaintiff an amended pleading, motion, order, or other paper from which the defendant can unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied." Gibson v. Clean Harbors Envtl. Servs., Inc., 840 F.3d 515, 519 (8th Cir. 2016) (quotation omitted). Here, neither the initial nor the second amended petition disclosed an aggregate amount in controversy or permitted Massage Envy to "unambiguously ascertain" that more than $5 million was in controversy. When Massage Envy investigated and filed a notice of removal based on the results of its own amount-in-controversy investigation, the notice was not untimely.

For the foregoing reasons, we grant the Petition for Permission To Appeal, reverse the Order of Remand dated July 15, 2019, deny plaintiffs' Motion for

Remand, and remand to the district court for further proceedings not inconsistent with this opinion.

_____